UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**EUSTACIA D. ELLIS,**
        **Plaintiff,**

    v.                                                       Case No. 05C0473

**MGIC,**
        **Defendant.**

## ORDER

On April 26, 2005, plaintiff Eustacia D. Ellis, who is proceeding pro se, filed a civil rights complaint against defendant MGIC, challenging the termination of her employment by the defendant. On April 29, 2005, the plaintiff's petition to proceed in forma pauperis was denied without prejudice. The court stated that it could not conclude that the plaintiff met the poverty requirements of 28 U.S.C. § 1915(a). Therefore, the plaintiff was advised that, to proceed further, she must pay the filing fee.

By letter of January 26, 2006, the plaintiff was instructed to file a status report with the court. She was also advised that failure to file such a report or pay the filing fee could result in dismissal of the action pursuant to Civil L. R. 41.1 and Fed. R. Civ. P. 4(b). A copy of Civil L. R. 41.1 was enclosed with the letter. To date, plaintiff has neither paid the filing fee nor filed the requested status report with the court.

District courts have inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute. Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). Such authority is based on the court's inherent power to control its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. Castell v. Pieschek, 3 F.3d 1050, 1055 (7th Cir. 1993); Daniels, 887 F.2d at 785. However, no case should be dismissed for failure to prosecute without explicit warning of the potential sanction. Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir. 2003); Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993). Furthermore, there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. Rice, 333 F.3d at 785 (citing Ball, 2 F.3d at 756).

In this case, plaintiff failed to pay the required filing fee and failed to file a status report with the court as required. Civil Local Rule 41.3 (E.D. Wis.) provides:

> Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days.

Based on its review of the present record and upon consideration of the applicable law, this court concludes this action should be dismissed without prejudice, since the record evinces dismissal for failure to prosecute is an appropriate sanction for the plaintiff's lack of diligence in prosecuting her case. The plaintiff's only submissions in this case are the complaint and the petition and affidavit for leave to proceed in forma pauperis. Obviously the plaintiff, who is representing herself in this action, is directly responsible for the failure to comply with the court's deadlines.

While the effect of the plaintiff's inaction upon judicial resources has been negligible and it does not appear that the defendant has been prejudiced by the plaintiff's dilatory conduct, it appears the plaintiff may have lost interest in prosecuting this lawsuit. From the

plaintiff's own disinterest, this court may infer that the lawsuit is of dubious merit. As a result, this court need not be overly concerned with the consequences of dismissal. Consequently, the plaintiff's action will be dismissed without prejudice.

**THEREFORE, IT IS ORDERED** that this action be and hereby is **DISMISSED** without prejudice for failure to prosecute pursuant to Civil Local Rule 41.3 (E.D. Wis.).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge